**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Bibiana BENSON, a/k/a Janet Ferrier, a/k/a Gabriella Gold, a/k/a Christine Burton, a/k/a Lavette Willis, a/k/a Christina Testa, Defendant—Appellant.**

**No. 03–50594.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided June 17, 2005.

Ronald L. Cheng, Esq., Fred A. Rowley, Jr., Esq., Mark C. Krause, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Maria E. Stratton, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER, RYMER, and PAEZ, Circuit Judges.

MEMORANDUM *

Appellant Bibiana Benson appeals from the district court's judgment sentencing her to 54 months' imprisonment after imposing a two-level upward departure for non-monetary harm caused to a large number of victims as a result of her participation in an identity theft scheme. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual background of the case, we do not recite it here.

I.

The issue presented in this case is whether the district court incorrectly applied the Sentencing Guidelines in determining that an upward departure from the guideline sentencing range was appropriate, and if so, whether that incorrect application requires the sentence to be vacated. The Supreme Court has severed the provisions of the federal guideline statute that made the Sentencing Guidelines mandatory, effectively rendering the guidelines advisory. *United States v. Booker*, —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005). However, the Court made it clear that although review of a sentence will ultimately turn on its reasonableness, the district court *must* consider the Guidelines in making its sentencing determination. *Id.* at 767. Misapplication of the Sentencing Guidelines can constitute re-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

versible error requiring a sentence to be vacated. *United States v. Ameline*, No. 02–30326, 2005 WL 1291977, at \*12 (9th Cir.2005) (en banc). We therefore find it appropriate to review the district court's interpretation and application of the Guidelines before determining what kind of remand may be required. *See id.* at \*11 (allowing for "limited" remand in situations involving unpreserved *Booker* error).

## II.

In this case, we must determine whether the district court improperly applied a two-level upward departure to Benson's sentence. The district court was persuaded that upward departure was warranted because of the large number of victims, the sophistication of the enterprise, and the large potential for non-monetary loss suffered by individual victims. We cannot say that this constituted a misapplication of the Guidelines. For example, upward departure may be appropriate where "[t]he offense caused or risked substantial non-monetary harm." U.S.S.G. § 2B1.1 Application Note 15(A)(2). We therefore find that the district court did not err in applying the Guidelines.

## III.

Although we do not find a misapplication of the Guidelines, a limited remand may nonetheless be appropriate, as we cannot be sure from the record whether the district court would have imposed a different sentence. *See Ameline*, 409 F.3d at 1085. In light of the appellant's expressed desire, in prior additional briefing, to have this case remanded for possible re-sentencing, we grant a limited remand for

a determination of whether "the sentence imposed would have differed materially if the district court judge were applying the Guidelines as advisory rather than mandatory." *See id.*[1]

**AFFIRMED IN PART AND REMANDED.**

---

1. If so, the district court must vacate the sentence and re-sentence with the defendant present. The defendant may "opt out" of re-sentencing by prompt notice to the district court. *See id.*

